TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-11-00464-CR






Glenn Smith, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT

NO. CR-11-0026, HONORABLE DAN R. BECK, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N



PER CURIAM

 Glenn Smith is appealing his conviction for the offense of driving while intoxicated,
for which he was sentenced to five years' imprisonment. Included in the appellate record is a
certification from the district court concerning Smith's right of appeal. The certification states that
this is a plea-bargain case, the defendant has no right of appeal, and the defendant has waived the
right of appeal. However, the certification appears to be inconsistent with other portions of the
appellate record.

 The certification is dated January 26, 2011, but the judgment of conviction was
signed several months later, on June 9, 2011. Assuming both dates are correct, there would have
been no judgment of conviction from which the district court could have certified Smith's right of
appeal at the time the certification was made. Cf. Tex. R. App. P. 25.2(a)(2) ("The trial court shall
enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other
appealable order.").

 The record also contains a pretrial motion to suppress evidence filed by Smith.
Furthermore, according to the district court's docket sheet, the court denied the motion. The
docket sheet additionally reflects that Smith had a pending plea of not guilty as of the time of
the suppression hearing and, following the adverse ruling, changed his plea to guilty. Under such
circumstances, Smith would have had a right to appeal the suppression ruling. See Stansberry
v. State, 239 S.W.3d 260, 262 n.9 (Tex. Crim. App. 2007). And, consistent with a recognition that
Smith had at least a limited right of appeal, we further observe, the district court appointed appellate
counsel for Smith after signing the judgment of conviction. (1)

 We are required to examine a certification for defectiveness--"correct in form
but which, when compared to the record before the court, proves to be inaccurate"--and to use
Rules 37.1 and 34.5(c) to obtain an accurate certification. Dears v. State, 154 S.W.3d 610, 614
(Tex. Crim. App. 2005); see Tex. R. App. P. 34.5(c), 37.1. Given the apparent inconsistences
between the January 26 certification and the record before us, we abate this appeal for fourteen days
and instruct the district court to prepare and send to this Court an amended certification that indicates
whether this was in fact a plea-bargain case and the extent of Smith's right of appeal, if any, from the
judgment of conviction. See Tex. R. App. P. 25.2(a)(2). A supplemental clerk's record containing
the district court's amended certification shall be forwarded to the clerk of this Court no later than
December 29, 2011.



Before Chief Justice Jones, Justices Pemberton and Henson

Abated

Filed: December 15, 2011

Do Not Publish

 

1. We also note that while Smith's appellate counsel seems to acknowledge the existence of
a plea agreement at the time of judgment, he represents that (1) the January 26 certification was
based on a different, earlier plea agreement that was ultimately withdrawn, and (2) there was no
agreement as to punishment.